# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CECILIA ANN DIXON, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>PACIFIC LIFE INSURANCE COMPANY, and DOES I through X, inclusive.<br><br>Defendants. | Case No. 2:21-cv-00172 APG-BNW |

## JOINT MOTION FOR ENTRY OF STIPULATED ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL

The parties, by and through their undersigned counsel, have reached a stipulation concerning the exchange and treatment of confidential documents and information. The parties jointly request the entry of the following Proposed Stipulated Order Regarding Confidentiality of Discovery Materials. The entry of a Stipulated Order Regarding Confidentiality of Discovery Materials will permit the exchange of confidential information while providing the parties with desired protection against improper disclosure.

WHEREFORE, the parties respectfully request that this Court enter the Proposed Stipulated Order Regarding Confidentiality of Discovery Materials attached hereto as **Exhibit A**.

Dated: February 25, 2022                                         Respectfully submitted,

/s/  Laura M. Zulick                                               /s/  Travis E. Shetler
Karl O. Riley                                                              Travis E. Shetler, Esq.
Nevada Bar No. 12077                                          Nevada Bar No. 4747
Laura M. Zulick (*pro hac vice*)                          3202 W. Charleston Blvd.
COZEN O'CONNOR, P.C.                                   Las Vegas, NV 89102

LEGAL\56466307\1

3753 Howard Hughes Parkway
Suite 200
Las Vegas, NV 89169
Telephone: (702) 470-2314
Facsimile: (702) 470-2351
koriley@cozen.com
lzulick@cozen.com
*Attorney for Defendant Pacific Life Insurance Company*

Telephone: (702) 931-9700
travis@shetlerlawfirm.com
*Attorney for Plaintiff Cecilia Ann Dixon*

## **ORDER**

IT IS ORDERED that ECF No. 27 is GRANTED. The parties are advised that future filings must be filed on pleading paper.

**IT IS SO ORDERED**

**DATED:** 4:37 pm, February 28, 2022

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

2

# EXHIBIT A

LEGAL\56466307\1

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CECILIA ANN DIXON, an individual;<br><br>   Plaintiff,<br><br>vs.<br><br>PACIFIC LIFE INSURANCE COMPANY, and DOES I through X, inclusive.<br><br>   Defendants. | Case No. 2:21-cv-00172 APG-BNW |

**[PROPOSED] STIPULATED ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL**

Whereas, the parties have stipulated that certain discovery material be treated as confidential;

Accordingly, on this ____ day of _____, ____, by the United States District Court for the District of Nevada, it is **ORDERED**:

1. Designation of Discovery Materials as Confidential. All remaining documents produced in the course of discovery, all remaining Answers to Interrogatories, Answers to Requests for Admission, Responses to Requests for Production of Documents, if any, and all remaining deposition testimony and exhibits shall be subject to this Order concerning confidential information, as set forth below:

   (a) The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." One who provides material may designate it as "CONFIDENTIAL" only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, commercial or proprietary

information which is in fact confidential. A party shall not routinely designate material as "CONFIDENTIAL," or make such a designation without reasonable inquiry to determine whether it qualifies for such designation. Except for documents produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information.

(b)     Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL."

(c)     Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or their counsel or any persons identified in subparagraph (d) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

(d)     The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

> (i)     Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

(iii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

(iv) Disclosure may be made to consultants, investigators, or experts (hereinafter, "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

(e) Except as provided in (d) above, counsel for the parties shall keep all documents designated as confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(f) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

2. Confidential Information Filed with Court. To the extent that any materials subject to this Confidentiality Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof

which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph (4) of this Confidentiality Order.

3.  Party Seeking Greater Protection Must Obtain Further Order. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph (1) of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

4.  Challenging Designation of Confidentiality. A designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

5.  Return of Confidential Material at Conclusion of Litigation. At the conclusion of the litigation, all material treated as confidential under this Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.