Karl O. Riley, Esq.
Nevada Bar No. 12077
COZEN O'CONNOR, P.C.
3753 Howard Hughes Pkwy., Suite 200
Las Vegas, NV 89169
Telephone: (702) 470-2330
Email: koriley@cozen.com

*Attorney for Defendant*
*Pacific Life Insurance Company*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CECILIA ANN DIXON, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>PACIFIC LIFE INSURANCE COMPANY, and DOES I through X, inclusive.<br><br>Defendants. | Case No.: No. 2-21-cv-00172 APG-BNW<br><br>**MOTION TO COMPEL PLAINTIFF'S ANSWERS TO INTERRGATORIES AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Under Federal Rule of Civil Procedure 37 and Local Rule 26-6, Defendant Pacific Life Insurance Company ("Pacific Life"), by and through its counsel, Cozen O'Connor, respectfully moves this Court to order Plaintiff to supplement the deficient responses to Pacific Life's discovery requests. This Motion is supported by the following memorandum of points and authorities, the exhibits attached hereto, the declaration of Karl Riley, Esq., attached as Exhibit A, and any oral argument this Court may entertain.

Dated: January 21, 2022.                    **Cozen O'Connor**

By: */s/ Karl O. Riley*_____
KARL O. RILEY (12077)
3753 Howard Hughes Pkwy., Suite 200
Las Vegas, NV 89169
Telephone: (702) 470-2330
koriley@cozen.com
*Attorney for Defendant*
*Pacific Life Insurance Company*

1

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      INTRODUCTION**

Plaintiff responded to Pacific Life's Interrogatories and Requests for Production of documents (the "Requests") in July, 2021 by: (1) failing to object to most of the Requests; (2) improperly referring Pacific Life to the "information previously provided with original claim opened with Pacific Life Insurance Company"; (3) objecting to certain Interrogatories because they called for a legal conclusion, when they only asked for facts and circumstances to support certain allegations; (4) responding to a number of the Requests, including all but one of the Requests for Production ("RFPs"), with "N/A"; and (5) providing incomplete responses to various Interrogatories seeking information well within the scope of Federal Rules of Civil Procedure 26, 33, and 34.[1]

Following Pacific Life's requests to supplement and a meet and confer conference regarding the same, Plaintiff has failed to supplement her deficient responses. Plaintiff claims that "fuller" responses are forthcoming, but provides no indication when they will be provided. The discovery deadline is approaching on February 28, 2022. Pacific Life moves to compel more complete response so it may timely depose Plaintiff, complete discovery, and move for summary judgment.

**II.     STATEMENT OF FACTS**

This case involves a dispute over the proceeds of a life insurance policy issued by Pacific Life to Plaintiff Cecelia Ann Dixon's ("Plaintiff") former husband, Richard Dale Dixon (the "Insured"), now deceased. In this action, Plaintiff alleges that Pacific Life improperly denied coverage to her, and neglected or refused to settle her claim in an expeditious or fair manner. Plaintiff further alleges that she is contractually entitled to life insurance benefits from Pacific Life and seeks payment of the policy proceeds in the "amount[] equal to the value of the policy." As such, Plaintiff has asserted claims against Pacific Life for (i) breach of contract; (ii) breach of the covenant of Good Faith and Fair Dealing; and (iii) violations of the Unfair Claims Practices Act, NRS 681A310. Plaintiff seeks general, compensatory, incidental, consequential, and punitive damages as a result of Pacific Life's alleged wrongdoing.

---

[1] Pacific Life later describes in detail the Requests and the Responses.

COZEN O'CONNOR
3753 HOWARD HUGHES PKWY
SUITE 200
LAS VEGAS, NEVADA 89169

LEGAL\55970335\4

On June 17, 2021, Pacific Life served Plaintiff with its First Set of Interrogatories ("Interrogatories") and Requests for Production of Documents ("RFPs"). *See* Declaration of Karl O. Riley, Esq., (Riley Decl.), ¶3. Pacific Life's Requests were within the scope of Rules 26(b), 33, and 34, seeking information and documents on the following topics:

- The Insured's prior medical providers, their diagnoses and treatments of the Insured, any related medical records, and prescriptions (Interrogatory Nos. 1-7, 9; RFP Nos. 27-31);
- Prior and relevant accidents (Interrogatory Nos. 8);
- The Insured's condition at the time of the application with Pacific Life (Interrogatory Nos. 10);
- Information relevant to this and other insurance policies and claims (Interrogatory Nos. 11-12; RFP Nos. 25-26, 32-33);
- Facts and circumstances surrounding certain claims alleged in the complaint (Interrogatory Nos. 13-21; RFP No. 36); and
- The Insured's employment history (RFP No. 35).

*See id.*, ¶3. On July 14, 2021, Plaintiff requested, and Pacific Life granted, a two-week extension to respond to the Requests. *See id.*, ¶4; *see* July 14, 2021 Email, attached as **Exhibit B**.

Plaintiff incompletely and evasively responded to the Requests in violation of the Federal Rules of Civil Procedure on July 30, 2021. *See* Riley Decl., ¶5, Ex. A; *see also* Plaintiff's Answers to Pacific Life Insurance Company's Interrogatories ("Interrogatory Response") and Requests for Production of Documents ("RFP Response," together with the Interrogatory Response, the "Responses"), attached hereto as **Exhibits C and D**. Specifically, Plaintiff responded to the Requests by: (1) failing to object to most of the Requests; (2) improperly referring Pacific Life to the "information previously provided with original claim opened with Pacific Life Insurance Company"; (3) objecting to certain Interrogatories because they called for a legal conclusion, when they only asked for facts and circumstances to support certain allegations; (4) responding to a number of the Requests, including all but one of the RFPs, with "N/A"; and (5) providing incomplete responses to various Interrogatories.[2] *See* Riley Decl., Ex. A, ¶5; *see also* Responses, Exs. C-D.

---
[2] Pacific Life later describes in detail the Requests and the Responses.

With these glaring deficiencies, Plaintiff never supplemented her Responses for over four months. *See* Riley Decl., Ex. A, ¶5.

Pacific Life attempted to resolve these serious deficiencies by sending Plaintiff's counsel a letter on December 23, 2021: (1) describing why the responses failed to comply with the Federal Rules of Civil Procedure; (2) requesting immediate supplementation; and (3) requesting a meet and confer conference. *See* Riley Decl., Ex. A, ¶6; *see also* Dec. 23, 2021 Letter (the "Deficiency Letter"), attached as **Exhibit E**.[3] Therein, Pacific Life noted that: (1) referencing documents submitted to Pacific Life but not produced in this litigation is insufficient under the Rules; (2) Plaintiff's Responses to various Requests were incomplete; (3) Plaintiff's legal conclusion objection was invalid as to Interrogatories, especially ones that only sought facts and circumstances behind Plaintiff's contentions in the complaint; (4) any Response stating "N/A" was evasive; and (5) Plaintiff waived any unasserted objections. *See id.*

On December 29, 2021, counsel for Plaintiff and Pacific Life conferenced over telephone in an attempt to resolve the numerous discovery deficiencies at issue. *See* Riley Decl., Ex. A, ¶7. Pacific Life's counsel reiterated the deficiencies of the Responses, and requested immediate supplementation. *See id.*, ¶7. During the conference, Plaintiff's counsel agreed to address all relevant discovery deficiencies by providing updated responses and documents by January 5, 2022. *See* Riley Decl., Ex. A, ¶7; *see also* Dec. 29, 2021 Email, attached as **Exhibit F**.[4]

On January 5, 2022, Plaintiff failed to produce supplemented Responses, and asked for further extension to January 10, 2022. *See* Riley Decl., Ex. A, ¶8. Plaintiff's counsel noted that he initially disagreed with some of the objections and needed more time. *See id.*; *see also* Jan. 5, 2022 Email, attached as **Exhibit G**. Though the objections were proper under the Federal Rules, Pacific Life granted the extension. *See* Riley Decl., Ex. A, ¶8; *see also* Jan. 5, 2022 Email, Ex. G. Due to the impending discovery deadline and the need to properly prepare for Plaintiff's deposition, Pacific Life warned that any further extension may not be guaranteed. *See* Riley Decl., Ex. A, ¶8; *see also* Jan. 5, 2022 Email, Ex. G.

---

[3] Enclosures not included to prevent duplication.
[4] The Deficiency Letter attachment was removed to prevent duplication.

On January 10, 2022, Plaintiff failed to provide supplemented Responses. *See* Riley Decl., Ex. A, ¶9. Instead, Plaintiff's counsel wrote a responsive letter: (1) agreeing that most of Pacific Life's objections were valid; and (2) stating that he would obtain additional information where possible to certain responses with no specific response date. *See* Riley Decl., Ex. A, ¶9; *see also* Jan. 10, 2022 Email, attached as **Exhibit H**. On January 13, 2022, Pacific Life replied that Plaintiff's letter was insufficient and demanded supplemental Responses by January 19, 2022. *See* Riley Decl., Ex. A, ¶10; *see also* Jan. 13, 2022 Email, attached as **Exhibit I**. To date, Plaintiff has not provided the promised updated discovery Responses and documents. *See* Riley Decl., Ex. A, ¶10.

As the discovery deadline for this matter is February 28, 2022, and since Plaintiff has refused to supplement her deficient Responses, Pacific Life is compelled to bring this motion seeking the Court to order Plaintiff's production of supplemental discovery responses and documents. *See* Riley Decl., Ex. A, ¶11.

### III. ARGUMENT

#### A. Legal Standard

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). Relevant information is any information that "appears reasonably calculated to lead to the discovery of admissible evidence." *See Partners Weekly, LLC v. Viable Mktg. Corp.*, No. 09-02120, 2014 WL 1577486 at * 2 (D. Nev. April 17, 2014) (citation omitted).

Due to this liberal discovery standard, the party resisting discovery carries a heavy burden of showing why discovery should be denied, including detailing how each request is overly broad, unduly burdensome, or irrelevant. *See id.* at *5. When a party resists discovery, the requesting party may file a motion to compel under Federal Rule of Civil Procedure 37. *See id.* at *6. A motion to compel must include a certification that the movant has "in good faith conferred or attempted to confer" with the party resisting discovery before seeking judicial intervention. *See* FED. R. CIV. P. 37(a)(1); *see also Partners Weekly, LLC*, 2014 WL 1577486 at * 3.

#### B. Pacific Life satisfied the meet and confer requirement by conferring with Plaintiff before filing this motion.

COZEN O'CONNOR
3753 HOWARD HUGHES PKWY
SUITE 200
LAS VEGAS, NEVADA 89169

LEGAL\55970335\4

In order to satisfy the meet and confer requirement in connection with a motion to compel, a party must satisfy a two-part test. First, a party must provide a certification from counsel which "accurately and specifically conveys to the court who, where, how and when the respective parties attempted to personally resolve the discovery dispute." *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 170 (D. Nev. 1996). "Second[,] is the performance [requirement], which also has two elements. The moving party performs, according to the federal rule, by certifying that he or she has (1) in good faith (2) conferred or attempted to confer." *Id*. The moving party must move beyond cursory statements and "must adequately set forth in the motion essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties." *See id.* at 171. Therefore, the moving party's counsel must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute" prior to bringing a motion to compel under Federal Rule of Civil Procedure 37. *See Fifty-Six Hope Rd. Music, Ltd. v. Mayah Collections, Inc.*, No. 05-cv-01059, 2007 WL 1726558 *5 (D. Nev. June 11, 2007).

Here, Pacific Life has satisfied all requirements. As stated above, counsel for Plaintiff and Pacific Life conferenced over telephone in an attempt to resolve the discovery deficiencies at issue.[5] *See* Riley Decl., Ex. A., ¶7. During the conference, Plaintiff agreed to address all discovery deficiencies by providing updated responses and documents by January 5, 2022. *See id.*, ¶7. After Plaintiff failed to provide updated responses by January 5, 2022, counsel reached out to extend the time to respond to January 19, 2022. *See id.*, ¶8. Plaintiff failed to produce by this extended deadline. *See id.*, ¶9.

As Pacific Life satisfied the certification and performance requirements, Pacific Life has more than satisfied the meet and confer standard.

---

[5] Telephonic consultation satisfies the meet and confer requirement. *See Shuffle Master, Inc.*, 170 F.R.D. at 172 ("Again, 'conferring' under Rule 37(a)(2)(B) must be a personal or telephonic consultation during which the parties engage in meaningful negotiations or otherwise provide legal support for their position.; *see also* LR IA 1-3(f) ("Unless these rules or a court order provide otherwise, this requirement may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference.").

**C.     This Court should: (1) hold that Plaintiff waived all unasserted objections; and (2) order Plaintiff to supplement her deficient Responses and produce the relevant documents and information.**

a.     <u>Plaintiff waived all unasserted objections.</u>

If a responding party finds a given interrogatory or request for production to be objectionable, the responding party's objection must be stated with specificity as to all or part of the request and permit inspection of the remainder of the request. *See* FED. R. CIV. P. 33(b)(4) and 34(b)(2)(C). Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure. *See id.* at 33(b)(4); *Barlow v. Herman*, No. 13-cv-00033, 2014 WL 60213, at *3 (D. Nev. Jan. 6, 2014) ("Though Rule 34 does not expressly provide for relief from waiver, courts that have considered the issue generally agree that waiver under Rule 34 should be treated the same as waiver under Rule 33."). "[B]oilerplate objections are disfavored, especially when a party fails to submit any evidentiary declarations supporting such declaration." *See EnvTech, Inc. v. Suchard,* No. 11-cv-00523, 2013 WL 4899085 at *4 (D. Nev. Sept. 11, 2013) (citation and internal quotations omitted).

Here, Plaintiff failed to object to a number of Requests. *See* Responses to Interrogatories Nos. 1-12, 22-23, Ex. C; and Responses to RFPs Nos. 1-37, Ex. D.  Plaintiff also erroneously objected based on a legal conclusion in response to Interrogatories Nos. 13-21. *See* n.6. All objections are waived for these requests.

b.     <u>Plaintiff's responses are deficient, and this Court should order supplementation or hold that any information may not be later used.</u>

Parties may "serve on any other party a request within the scope of Rule 26(b) to produce or allow inspection of documents or tangible things in the responding party's possession, custody or control." *Wilson v. Wal-Mart Stores, Inc.*, No. 15-cv-01791, 2016 WL 526225 at *6 (D. Nev. Feb. 9, 2016) (citation omitted); *see also* FED. R. CIV. P. 34(a)(1). Parties may also serve written interrogatories. Fed. R. Civ. Pro. 33(a)(1).  Interrogatories may relate to any matter that may be inquired into under Rule 26(b), and the scope under Rule 33 also applies to Rule 34. Fed. R. Civ. P. 33(a)(2); *see also T.R.P. Co., Inc. v. Similasan AG*, No. 17-cv-02197, 2019 WL 1382491, at *7 (D.

Nev. Mar. 27, 2019) (" The scope limitations for the request [for production] are the same as for those governed by Rule 33."). "Answers to interrogatories must be complete, explicit, and responsive." *See Nat'l Union Fire Ins. Co. v. Sharp Plumbing*, No. 09-cv-00783, 2012 WL 2502748 at *2 (D. Nev. June 27, 2012). As such, interrogatories may not be answered by referencing information contained in declarations, pleadings, or other discovery responses. *Wilson*, 2016 WL 526225 at *4.

Under Rule 37(a)(4), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Similarly, failure to disclose or supplement may result in the party being prevented from using that information or witness to supply evidence on a motion, at a hearing, or at trial." *See* FED. R. CIV. P. 37(c).

> *i. Plaintiff's "calls for a legal conclusion" objection to the Interrogatories is inapplicable and unsupported.*

Plaintiff responded to some Interrogatories by indicating that they called for a legal conclusion.[6] This is not a sufficient response for a few reasons. First, the Requests did not seek a

---

[6]
**INTERROGATORY NO. 13:**
Identify all facts and circumstances supporting your contention in paragraph 7 of the Complaint that Pacific Life "neglected or refused to settle Plaintiff's claim in an expeditious and fair manner."
**INTERROGATORY NO. 14:**
Identify all facts and circumstances supporting your contention in paragraph 8 of the Complaint that Pacific Life engaged in negligence.
**INTERROGATORY NO. 15:**
Identify all facts and circumstances supporting your contention in paragraph 14 of the Complaint that you are "owed benefits of the policy."
**INTERROGATORY NO. 16:**
Identify all facts and circumstances supporting your contention in paragraph 15 of the Complaint that Pacific Life failed "to tender amounts equal to the value of the policy" and "to fairly evaluate Plaintiff's claim."
**INTERROGATORY NO. 17:**
Identify all facts and circumstances supporting your claim that Pacific Life breached the Policy.
**INTERROGATORY NO. 18:**
Identify all facts and circumstances supporting your claim that Pacific Life breached its covenant of good faith and fair dealing.
**INTERROGATORY NO. 19:**
Identify all facts and circumstances supporting your contention in paragraph 21 of the Complaint that Pacific Life "refused to evaluate and/or pay claims in the absence of a reasonable basis for denying such benefits under the policy with [Pacific Life's] knowledge and/or reckless disregard of the lack of a reasonable basis to deny the claim."
**INTERROGATORY NO. 20:**
Identify all facts and circumstances supporting your contentions in the Complaint that Pacific Life violated Nevada Revised Statutes sections:
686A.310(1)(b);
686A.310(1)(c);

legal conclusion; rather the Requests merely asked for facts and circumstances supporting Plaintiff's allegations. *See* Interrogatory Response, Ex. C. Second, interrogatory responses that require application of facts to law is not a valid objection. *See* Fed. R. Civ. P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact."); *Linksmart Wireless Tech., LLC v. Caesars Ent. Corp.*, No. 18-cv00862, 2021 WL 933240, at *3 (D. Nev. Jan. 28, 2021) ("The only kind of interrogatory that is objectionable on the basis that it calls for a legal conclusion is one that extends to legal issues unrelated to the facts of the case."). Again, the Requests only ask for facts supporting Plaintiff's particular claims—not an application of law to fact.

The objections are inapplicable and unsupported, and this Court should require a full response without further objection, as any unasserted objections are waived.

    ii.  *Plaintiff's vague reference to non-produced information violates Federal precedent.*

References to other documents not produced in this litigation is an insufficient response. *Wilson*, 2016 WL 526225 at *4. Plaintiff responded to a Interrogatory Requests 1-6[7] with the

---

686A.310(1)(e);
686A.310(1)(f);
686A.310(1)(k); and
686A.310(1)(n).
**INTERROGATORY NO. 21:**
Identify all facts and circumstances supporting your claims for damages, and explain the basis for any measure of damages you claim you are entitled to receive, including the methodology used to calculate such alleged damages.
*See* Interrogatory Response, Ex. C.

[7] **INTERROGATORY NO. 2:**
 State the name and address of every professional health care provider that Mr. Dixon visited for consultation, advice, treatment, diagnosis or testing from since December 31, 2008.
**INTERROGATORY NO. 3:**
 Describe any medical diagnoses, treatments, or medical advice Mr. Dixon received since December 31, 2008. For each diagnosis, treatment or advice, identify or describe:
- The date of the diagnosis, treatment or advice;
- The professional health care provider who provided the diagnosis, treatment or advice; and
- Whether you were present when the diagnosis, treatment or advice was given.

**INTERROGATORY NO. 4:**
 Identify all EKG, X-rays, ultrasounds or other diagnostic tests Mr. Dixon was advised to have, prescribed or underwent since December 31, 2008. For each such test, identify or describe:
- The diagnostic test recommended or prescribed;
- Whether the test was administered;
- The professional health care provider or other person who conducted the diagnostic test;
- The location or facility where the test occurred;

9

boilerplate notion of "[p]lease see information previously provided with original claim opened with Pacific Life Insurance Company." *See* Interrogatory Response, Ex. C. Notably, Plaintiff never produced her original claim in this litigation. *See* Riley Decl., Ex. A, ¶12. Pacific Life is unable to determine what documents Plaintiff reference or whether these documents are even responsive to the relevant Requests. This vague reference to unproduced documents is insufficient as a matter of law. *Wilson*, 2016 WL 526225 at *4.

This court should mandate production of the documents and a specific response to Interrogatories Nos. 1-6.

       iii.  *Plaintiff's "N/A" responses are unresponsive and insufficient.*

Under Rule 37(a)(4), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Plaintiff responded to a number of Requests with a simple "N/A."[8] Due to this liberal discovery standard, the party resisting discovery carries a

---

- The reason for the test and the result thereof;
- Any medication prescribed;
- Any recommended follow up, consultation, referrals or testing; and
- Whether you were present when the test occurred.

**INTERROGATORY NO. 5:**
  Identify all instances that Mr. Dixon was referred to or admitted to a hospital since December 31, 2008. For each instance, identify or describe the:
- The professional health care provider;
- The professional health care treatment facility;
- The reason for the admission, treatment, operation or surgery and the result thereof;
- Any medication prescribed or diagnostic tests administered;
- The details of the instructions provided to Mr. Dixon upon release, including but not limited to any recommended follow up, consultation, referrals or testing; and
- Whether you accompanied Mr. Dixon.

**INTERROGATORY NO. 6:**
  Describe any medication prescribed to or used by Mr. Dixon since December 31, 2008. For each medication, identify and describe:
- Who prescribed or provided the medication; and
- When the prescription was issued or provided, and all refills thereafter.

*See* Interrogatory Response, Ex. C. *See infra* for Interrogatory No. 1 and response.

[8] The Requests are as follows:

**INTERROGATORY NO. 22:**
  State the name, address, telephone number and relationship to you of each person who prepared or assisted in the preparation of the responses to these interrogatories.

**RFP NO. 1:** Produce all documents and communications reviewed, relied upon or relating to your response to Interrogatory No. 1.

**RFP NO. 2:** Produce all documents and communications reviewed, relied upon or relating to your response to Interrogatory No. 2.

**RFP NO. 3:** Produce all documents and communications reviewed, relied upon or relating to your response to Interrogatory No. 3.

10

**RFP NO. 4:** Produce all documents and communications reviewed, relied upon or relating to your response to Interrogatory No. 4.
**RFP NO. 5:** Produce all documents and communications reviewed, relied upon or relating to your response to Interrogatory No. 5.
**RFP NO. 6:** Produce all documents and communications reviewed, relied upon or relating to your response to Interrogatory No. 6.
**RFP NO. 7:** Produce all documents and communications reviewed, relied upon or relating to your response to Interrogatory No. 7.
**RFP NO. 8:** Produce all documents and communications reviewed, relied upon or relating to your response to Interrogatory No. 8.
**RFP NO. 9:** Produce all documents and communications reviewed, relied upon or relating to your response to Interrogatory No. 9.
**RFP NO. 10:** Produce all documents and communications reviewed, relied upon or relating to your response to Interrogatory No. 10.
**RFP NO. 11:** Produce all documents and communications reviewed, relied upon or relating to your response to Interrogatory No. 11.

. . .

**RFP NO. 13:** Produce all documents and communications reviewed, relied upon or relating to your response to Interrogatory No. 13.
**RFP NO. 14:** Produce all documents and communications reviewed, relied upon or relating to your response to Interrogatory No. 14.
**RFP NO. 15:** Produce all documents and communications reviewed, relied upon or relating to your response to Interrogatory No. 15.
**RFP NO. 16:** Produce all documents and communications reviewed, relied upon or relating to your response to Interrogatory No. 16.
**RFP NO. 17:** Produce all documents and communications reviewed, relied upon or relating to your response to Interrogatory No. 17.
**RFP NO. 18:** Produce all documents and communications reviewed, relied upon or relating to your response to Interrogatory No. 18.
**RFP NO. 19:** Produce all documents and communications reviewed, relied upon or relating to your response to Interrogatory No. 19.
**RFP NO. 20:** Produce all documents and communications reviewed, relied upon or relating to your response to Interrogatory No. 20.
**RFP NO. 21:** Produce all documents and communications reviewed, relied upon or relating to your response to Interrogatory No. 21.
**RFP NO. 22:** Produce all documents and communications reviewed, relied upon or relating to your response to Interrogatory No. 22.
**RFP NO. 23:** Produce all documents and communications reviewed, relied upon or relating to your response to Interrogatory No. 23.
**RFP NO. 24:** Produce all documents and communications reviewed, relied upon or relating to your response to Interrogatory No. 24.
**RFP NO. 25:** All documents and communications relating to the decision to obtain any life insurance or annuities on the life of Mr. Dixon, including the Policy.
**RFP NO. 26:** All documents and communications relating to the completion of the Application for the Policy, including the Amendment to the Policy.
**RFP NO. 27:** All of Mr. Dixon's medical records in your possession, custody or control from December 31, 2008 through the time of his death in July 2020.
**RFP NO. 28:** All medical records relating to the automobile accident that Mr. Dixon was involved in in 1986 and relating to stabilizing rods implanted in Mr. Dixon, as referenced in Part II of the Application.
**RFP NO. 29:** All medical records relating to Mr. Dixon's partial paralysis.
**RFP NO. 30:** All records relating to Durable Medical Equipment prescribed to, provided to, or used by Mr. Dixon since the 1986 automobile accident referenced in Part II of the Application.
**RFP NO. 31:** All documents and communications concerning Mr. Dixon's medical condition at the time of the Application for the Policy.

heavy burden of showing why discovery should be denied, including detailing how each request is overly broad, unduly burdensome, or irrelevant. *See Partners Weekly, LLC*, 2014 WL 1577486 at * 5. All of the above Requests ask for relevant, non-privileged information under Rule 26(b) related to the parties' claims or defenses, including:

- Information on the Insured's prior medical providers, their diagnoses and treatments, any related medical records, and prescriptions (Interrogatory Nos. 1-7, 9; RFP Nos. 27-31);
- Prior and relevant accidents (Interrogatory Nos. 8);
- The Insured's condition at the time of the application with Pacific Life (Interrogatory Nos. 10);
- Information relevant to this and other insurance policies and claims (Interrogatory Nos. 11-12; RFP Nos. 25-26, 32-33);
- Facts and Circumstances surrounding certain claims alleged in the complaint (Interrogatory Nos. 13-21; RFP No. 36);
- The Insured's employment history (RFP No. 35).

*See* Responses, Exs. C-D. As these Requests are within the scope of Rule 26(b), this Court should require supplementation or hold that Plaintiff cannot rely upon such information in dispositive motions or at trial.

      *iv.*  *Plaintiff failed to fully respond to the Requests.*

Under Rule 37(a)(4), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Here, Plaintiff's discovery responses are rife

---

**RFP NO. 32:** Copies of all social media posts or messages relating to or showing Mr. Dixon's medical condition or use of Durable Medical Equipment from December 31, 2008 through the time of the Application for the Policy.
**RFP NO. 33:** All documents and communications between you and any other person concerning the submission of a claim for benefits under the Policy.
**RFP NO. 34:** All documents and communications between you and any other person concerning the submission of a claim for benefits under any other life insurance policy or annuity obtained by or insuring the life of Mr. Dixon.
**RFP NO. 35:** All documents concerning Mr. Dixon's employment history from December 31, 2008 to 2020.
**RFP NO. 36:** All documents and communications concerning or supporting the claims set forth in your Complaint.
**RFP NO. 37:** All documents concerning any person whom you may call as an expert witness at trial, including the curriculum vitae of such expert.
*See* Responses, Exs. C-D.

with evasive objections and responses for which Plaintiff does not provide a basis for relief.

For example, regarding Interrogatory No. 1,[9] when asked about the medical providers that Mr. Dixon saw, Plaintiff put forth 3 medical providers. Based on Pacific Life's documents, Plaintiff has seen more that these medical providers. This request needs supplementation.

Regarding Interrogatory No. 7,[10] when asked about the Insured's use of durable medical equipment ("DME"), Plaintiff failed to provide, as specifically requested, the precise type of DME, who prescribed the DME, where it was purchased, and the approximate dates of use of the same. *See* Interrogatory Response, Ex. C.

Regarding Interrogatory No. 8,[11] when asked about the Insured's automobile accident in 1986, Plaintiff failed to respond with information specifically requested, including "to what extent [any] issues, complications or conditions [related to the accident] persisted through the time of [the Insured's] Application for the Policy." *See id.*

---

[9] **INTERROGATORY NO. 1:**
State the name and address of every professional health care treatment facility that Mr. Dixon visited for consultation, advice, treatment, diagnosis or testing since December 31, 2008.
**ANSWER NO. 1**
Please see information previously provided with original claim opened with Pacific Life Insurance Company.
SEARHC Ethel Lund Medical Center in Juneau, Alaska
Southwest Medical Associates
Hanger Clinic, 4615 W. Flamingo Rd., Las Vegas, NV 89103
*See* Interrogatory Response, Ex. C.

[10] **INTERROGATORY NO. 7:**
Describe any and all Durable Medical Equipment prescribed to, provided to, or used by Mr. Dixon since 1986. For each type of Durable Medical Equipment ("DME"), identify and describe:
- The nature of the DME;
- Who prescribed or provided the DME;
- Where the DME was purchased or otherwise obtained; and
- The approximate dates when Mr. Dixon utilized the DME.

**ANSWER NO. 7**
Braces prescribed in 1987
Wheelchair – 1986
*See* Interrogatory Response, Ex. C.

[11] **INTERROGATORY NO. 8:**
Describe the automobile accident that Mr. Dixon was involved in in 1986, the injuries that Mr. Dixon sustained as a result of the accident, whether Mr. Dixon suffered any related medical issues, complications or conditions, and to what extent those issues, complications or conditions persisted through the time of Mr. Dixon's Application for the Policy.
**ANSWER NO. 8**
1986 Richard was a passenger in an auto accident and was ejected from vehicle
He suffered L1 Burst Fracture
Foot Drop
*See* Interrogatory Response, Ex. C.

COZEN O'CONNOR
3753 HOWARD HUGHES PKWY
SUITE 200
LAS VEGAS, NEVADA 89169

LEGAL\55970335\4

Regarding Interrogatory No. 10,[12] when asked about Mr. Dixon's medical condition at the time of the application for the policy. Plaintiff only responded that Mr. Dixon's "[m]edical condition did not effect his day in any way. Medical condition was absolutely fine." This does not provide any information about the "nature" of the medical condition, and needs supplementation.

And regarding Interrogatory No. 12,[13] when asked about the Insured's other policies, Plaintiff failed to produce specifically requested relevant and pertinent information regarding: (1) the policy number of the insurance; (2) date when the life insurance or annuity was applied for and issued; (3) the reason(s) for the coverage sought; (4) who paid the premiums for the policy; and (5) the beneficiary(ies) of the policy. *See id.*

As this requested information is within the scope of Rule 26(b) and 33, all of the above information falls under the scope of Rule 26(b) and should be produced or supplemented.

///

///

///

---

[12] **INTERROGATORY NO. 10:**
Describe the nature of Mr. Dixon's medical condition at the time of the Application for the Policy.
**ANSWER NO. 10**
Medical conditions did not effect his day in any way.
Medical condition was absolutely fine.
*See* Interrogatory Response, Ex. C.

[13] **INTERROGATORY NO. 12:**
Identify all life insurance and annuity policies applied for, owned by and/or insuring the life of Mr. Dixon. For each such policy, identify or describe:
- The insurer;
- The approximate value of the insurance coverage;
- The policy number of the same;
- Date when the life insurance or annuity was applied for and issued;
- The reason(s) for the coverage sought;
- Who paid the premiums for the policy;
- The beneficiary(ies) of the policy;
- Whether the policy's benefits were disbursed, or denied disbursement;
- If a claim for the policy's death benefit was denied, the reason(s) for the denial.

**ANSWER NO. 12**
CCSD with MetLife - $50K – the funds were disbursed.
*See* Interrogatory Response, Ex. C.

COZEN O'CONNOR
3753 HOWARD HUGHES PKWY
SUITE 200
LAS VEGAS, NEVADA 89169

LEGAL\55970335\4

## IV. CONCLUSION

For the foregoing reasons, Pacific Life respectfully requests that this Court grant its Motion to Compel. Pacific Life further requests that this Court order Plaintiff to provide complete and meaningful responses to the Interrogatories and RFPs or be subject to additional sanctions as the Court might impose, including preclusion of any information in dispositive motions or at trial.

Dated: January 21, 2022.   **Cozen O'Connor**

By: */s/ Karl O. Riley*_____
KARL O. RILEY (12077)
3753 Howard Hughes Pkwy., Suite 200
Las Vegas, NV 89169
Telephone: (702) 470-2330
koriley@cozen.com
*Attorney for Defendant Pacific Life Insurance Company*

## ORDER

Defendant Pacific Life Insurance Company filed a motion to compel at ECF No. 22. Plaintiff did not respond. LR 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."

Accordingly, **IT IS ORDERED** that ECF No. 22 is GRANTED subject to the following orders.

**IT IS ORDERED** that Plaintiff Cecilia Ann Dixon must supplement her responses to Defendant's Interrogatories, Set One and Defendant's Request for Production of Documents, Set One **by April 2, 2022**.

**IT IS FURTHER ORDERED** that the Court will not issue any sanctions at this time, as Defendant did not fully develop this argument.

**IT IS FURTHER ORDERED** that the motion hearing set for 3/21/2022 is VACATED.

**IT IS SO ORDERED**

**DATED:** 4:38 pm, March 02, 2022

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

15

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that on January 21, 2021, I served a true and correct copy of the foregoing **Motion to Compel Plaintiff's Answers to Interrogatories and Requests for Production with associated Exhibits,** via electronic means by operation of the Court's electronic filing system upon each party in this case who is registered as an electronic case filing user with the Clerk.

                                                By: */s/ Ida L. Williamson*
                                                        An employee of Cozen O'Connor

COZEN O'CONNOR
3753 HOWARD HUGHES PKWY
SUITE 200
LAS VEGAS, NEVADA 89169

LEGAL\55970335\4